**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

APR 30 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

OSCAR MANUEL CHUPIN ROMERO,

Petitioner,

v.

LORETTA E. LYNCH, Attorney General,

Respondent.

No. 12-70983

Agency No. A099-961-956

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015**

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Oscar Manuel Chupin Romero, a native and citizen of El Salvador, petitions

pro se for review of the Board of Immigration Appeals' ("BIA") order dismissing

his appeal from an immigration judge's ("IJ") decision denying his application for

asylum, withholding of removal, and protection under the Convention Against

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings. *Silaya v. Mukasey*, 524 F.3d 1066, 1070 (9th Cir. 2008). We deny in part and grant in part the petition for review, and we remand.

The record does not compel the conclusion that Chupin Romero established changed or extraordinary circumstances excusing the untimely filing of his asylum application. *See* 8 C.F.R. § 1208.4(a)(4), (5); *see also Ramadan v. Gonzales*, 479 F.3d 646, 656-58 (9th Cir. 2007) (per curiam).

Further, substantial evidence supports the agency's denial of CAT relief because Chupin Romero failed to establish it is more likely than not he would be tortured at the instigation of or with the acquiescence of the government if returned to El Salvador. *See id.* at 1073.

In denying Chupin Romero's withholding of removal claim, the agency concluded Chupin Romero failed to establish past persecution or a fear of future persecution on account of a protected ground. Substantial evidence supports the BIA's finding that Chupin Romero did not establish that he was harmed or threatened because of his membership in a particular social group of tall people. *See Parussimova v. Mukasey*, 555 F.3d 734, 741-42 (9th Cir. 2009) (under REAL ID Act, record did not compel conclusion that a protected ground was a central

motivating reason for incident).  However, with respect to the social group of young men targeted by gangs, when the IJ and BIA issued their decisions in this case, they did not have the benefit of this court's decisions in *Henriquez-Rivas v. Holder*, 707 F.3d 1081 (9th Cir. 2013) (en banc), *Cordoba v. Holder*, 726 F.3d 1106 (9th Cir. 2013), and *Pirir-Boc v. Holder*, 750 F.3d 1077 (9th Cir. 2014), or the BIA's decisions in *Matter of M-E-V-G-*, 26 I. & N. Dec. 227 (BIA 2014), and *Matter of W-G-R-*, 26 I. & N. Dec. 208 (BIA 2014).  Thus, we remand Chupin Romero's withholding of removal claim to determine the impact, if any, of these decisions on Chupin Romero's social group of young men targeted by gangs.  *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**